UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:02cr280(CFD) |
| | : | |
| v. | : | |
| | : | |
| JERMAINE WILSON a.ka. "Tramp" | : | June 17, 2008 |

### RESPONSE TO DEFENDANT'S MOTION FOR RELIEF UNDER 18 USC § 3582

### I. Introduction

On May 15, 2008, the defendant filed a motion requesting relief under 18 U.S.C. § 3582. On May 29, 2008, his counsel requested additional time to file an appropriate brief. The defendant, however, is a career offender and therefore is ineligible for relief because the recent amendment to the crack guidelines did not lower his applicable guideline range.

### II. Procedural History

On May 5, 2005, the defendant pleaded guilty to Count One of a Substitute Information that charged him with knowingly and intentionally possessing with the intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). As part of the plea agreement, the parties stipulated that the defendant's offense conduct involved at least 50 grams but less than 150 grams of cocaine base. Further, the parties agreed that the defendant was a career offender under U.S.S.G. § 4B1.1.

On July 7, 2003, the United States Probation office issued its initial disclosure of the Presentence Report (hereinafter the "PSR"). It concluded that the defendant was a career offender and calculated his base offense level to be 34. Three levels were subtracted in light of the defendant's acceptance of responsibility under § 3E1.1, resulting in a total offense level of

31. With a criminal history category of VI, the defendant was exposed to a period of incarceration of 188-235 months. The plea agreement specified that neither party will file a motion for a departure from this range, and the defendant will not seek a sentence of less than 204 months.

On October 16, 2003, the Court sentenced the defendant to a term of incarceration of 204 months. According to the BOP, he is scheduled to be released on October 17, 2017.

### III. The Defendant is Not Eligible for a Sentence Reduction Under 18 USC § 3582

In this case, the defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. The defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to 34 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. Courts which have addressed the career offender scenario are unanimous in so holding. See, e.g., United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

## IV. Conclusion

Because the defendant is not eligible for relief under 18 U.S.C. § 3582, his motion should be denied.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/s/
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510

## CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed this 17th day of June, 2008 to:

Terence Ward
Assistant Federal Defender

/s/
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY

3